UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ALBERT GUARDADO,<br><br>                Petitioner,<br>vs.<br><br>M. HOSHINO, Chairman, California Board of Parole Hearings, M. CATE, Director, California Department of Corrections and Rehabilitation, B. CURRY, Warden CTF, G. NEOTTI, Warden RJD, EDMUND G. BROWN, JR., Attorney General of the State of California,<br><br>                Respondents. | CASE NO. 09-CV-2913 W (RBB)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION [DOC. 8], (2) DENYING MOTION TO DISMISS [DOC. 4], (3) DENYING MOTION FOR STAY [DOC. 5] AND (4) DISMISSING RESPONDENTS M. HOSHINO, M. CATE, B. CURRY, AND EDMUND G. BROWN, JR.** |

      On December 28, 2009, Paul Albert Guardado ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition").[1] On February 23, 2010, Respondents filed a Motion to Dismiss. On April

---

[1] Because the Petition is not consecutively paginated, the Court will use the page numbers assigned by the electronic case filing system.

16, 2010, United States Magistrate Judge Ruben B. Brooks issued a Report and Recommendation ("Report"), recommending that this Court deny the motion and *sua sponte* dismiss Respondents M. Hoshino, M. Cate, B. Curry, and Edmund G. Brown, Jr. On May 21, 2010, Respondents filed an Objection to the Report's recommendation to deny the motion to dismiss. On June 6, 2010, Petitioner filed a Reply to the Objection.

The Court decides the matters on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons outlined below, the Court **ADOPTS** the Report (Doc. 8), **DENIES** the motion to dismiss (Doc. 4), **DENIES** the motion to stay (Doc. 5), and **DISMISSES** Respondents M. Hoshino, M. Cate, B. Curry, and Edmund G. Brown, Jr.

## I.   BACKGROUND

Petitioner did not object to the Report's factual summary. Accordingly, the following facts are taken from the Report.

### A.   Petitioner's Previous Challenge of the Board of Parole Hearing's 2006 Decision.

In 1989, Petitioner was convicted of second degree murder and sentenced to fifteen-years-to-life in prison. (*Pet.* [Doc. 1], at 1-2.) Between 2002 and 2006, Petitioner was denied parole several times. He challenged those denials in a consolidated petition filed in the United States District Court for the Northern District of California (the "2007 Petition"). (*Pet.*, at 13; *Not. of Lodgment* ("*NOL*") [Doc. 4-1], No. 1 at 1-2.)

On April 9, 2008, the court issued an order granting the 2007 Petition and invalidating the Board of Parole Hearing's (the "Board") 2006 decision that Petitioner was unsuitable for parole. (*NOL,* No. 5 at 1). The court ordered the Board to hold a rehearing, which was held on August 12, 2008. (*Id.*) The Board again found Petitioner unsuitable for parole. (*Id.*)

Petitioner then filed an application for an order enforcing the writ of habeas corpus along with a request that the Board's decision be submitted to the Governor. (*NOL*, No. 2 at 1-2). On January 22, 2009, the court granted Petitioner's application and concluded that the August 12, 2008 parole hearing did not comply with the court's prior order. (*Pet.*, Ex. A at 6, 10.) The court remanded the case to the Board with instructions, and directed the Board to submit its decision to the Governor. (*Id.*, at 11.)

On March 4, 2009, Respondents informed the court that the Board's decision had been submitted to the Governor, who declined to review the decision. (*NOL*, No. 2 at Ex. 1, p. 2). On March 10, 2009, the court ordered that another parole hearing take place no later than June 23, 2009. (*Id.*, at 2-3.)

On June 23, 2009, the Board held a hearing and calculated a date for Petitioner to be released. (*Pet.*, Ex. C at 1.) However, the Board did not find Petitioner suitable for parole. (*NOL*, No. 4, Ex. 3 at 6.)

On July 21, 2009, the Governor reviewed and reversed the Board's decision. (*See NOL*, No. 5 at 2.) Petitioner then filed an emergency motion requesting the district court to order his immediate release. (*Id.*) On December 14, 2009, the court remanded Petitioner's case to the Board with an order to release Petitioner, but stayed the release for ten days to allow Respondents to seek a stay from the Ninth Circuit. (*Id.* at 2, 10.) On February 12, 2010, the Ninth Circuit stayed Petitioner's release pending resolution of the appeal. (*NOL*, No. 6 at 1.)

**B.   Petitioner's Challenge of the Board's September 25, 2008 Decision.**

On September 25, 2008, Petitioner had a separate parole hearing, in which the Board found him unsuitable for parole. (*Pet.*, at 7, 9, 11, 13.) On February 2, 2009, Petitioner filed a habeas petition in the Orange County Superior Court challenging the Board's decision. (*NOL*, No. 7.) On February 25, 2009, the superior court denied the petition. (*Id.*, No. 3 at 1, 3.)

On April 14, 2009, Petitioner filed a habeas petition in the California Court of Appeal. (*NOL*, No. 8.) On July 16, 2009, the appellate court denied the petition as moot. (*Id.*, No. 10.) On August 12, 2009, Petitioner filed a petition in the California Supreme Court, which was denied on October 22, 2009. (*Id.*, Nos. 11, 12.)

On December 28, 2009, Petitioner filed the instant Petition challenging the Board's September 25, 2008 decision. On February 23, 2010, Respondents filed the motion to dismiss, arguing that the Petition is moot. On March 18, 2010, Petitioner's Opposition and Request for Stay was filed.

On April 26, 2010, Judge Brooks issued the Report recommending that the Court deny the motion. (*Report*, at 15.) The Report found that the Petition is not moot and also falls within the exception to mootness. (*Id.*, at 11-14, 15.) Judge Brooks also found, *sua sponte*, that Respondents M. Hoshino, M. Cate, B. Curry, and Edmund G. Brown, Jr. should be dismissed. (*Id.*, at 3.)

On May 21, 2010 Respondents filed an Objection to the Report. On June 4, 2010, Petitioner filed a Reply to Respondents' Objection.

## II. LEGAL STANDARD

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980).

## III. DISCUSSION

In the motion to dismiss, Respondents argued that the Petition should be dismissed because it is moot. Petitioner argues that because he is still physically

confined, the Petition is not moot, and argues alternatively that his claim falls within the "capable of repetition, yet evading review" exception to the mootness doctrine. The Report agreed with Petitioner.

Having read and considered the Petition, Report, and Objection, the Court finds the Report presents a well-reasoned analysis of the issues. The Court, therefore, concludes that the Petition is not moot. In addition, because the Court dismisses the motion to dismiss, Petitioner's request for a stay is denied.

### A.  Petitioner's Claim is not Moot Because he is Incarcerated.

A petition for habeas corpus becomes moot when a prisoner who requests release from custody is released before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624, 631 (1982); Picrin-Peron v. Rison, 930 F.2d 773, 775-776 (9th Cir. 1991); Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987) ("Petitioners cannot be released from a term of incarceration that they have already served.); see also Burnett v. Lampert, 432 F.3d 996, 999-1001 (9th Cir. 2005) (denying habeas petition that sought credit for an allegedly unconstitutional delay of parole in part because Burnett's release on parole and reimprisonment rendered his petition moot). A petitioner's claim that he should receive an earlier parole date is moot when he is paroled. See Brady v. U.S. Parole Comm'n, 600 F. 2d 234, 236 (9th Cir. 1979).

In the instant case, the Board has set a release date for the Petitioner, but he still remains in custody. (*Report*, at 11.) In light of Petitioner's continued incarceration, the Report correctly found that Petitioner's claims are not moot. (*Id.*)

### B.  Petitioner's Claim is not Moot Because it Presents a Valid Case or Controversy.

Article III, section 2 of the United States Constitution provides federal courts with jurisdiction over actions with a valid case or controversy. U.S. Const. art. III, §2. The case or controversy requirement exists throughout all stages of federal proceedings,

trial and appellate. <u>Spencer v. Kemna</u>, 523 U.S. 1, 7(1998) (quoting <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-78 (1990)). Accordingly, parties must continue to have a personal stake in the outcome of the lawsuit. <u>Lewis</u>, 494 U.S. at 477-78 (quoting <u>Los Angeles v. Lyons</u>, 461 U.S. 95, 101 (1983)); <u>see also</u> <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975). In other words, the Petition is not moot if Petitioner can show that (1) he has suffered or is threatened with an actual injury, (2) which is traceable to the defendant, and (3) which is likely to be redressed by a favorable judicial decision. <u>See</u> <u>Burnett v. Lampert</u>, 432 F.3d 996, 999 (9th Cir. 2005) (quoting <u>Spencer</u>, 523 U.S. at 7; <u>Lewis</u>, 494 U.S. at 477).

### 1. **Petitioner has alleged an injury relating to the September 25, 2008 hearing.**

Petitioner alleges due-process violations related to his September 25, 2008 parole hearing. (*Pet.*, at 1, 7, 9, 11.) Petitioner has a right to a hearing that comports with due-process. Accordingly, while he remains in custody, Petitioner has an actual injury relating to the September 25, 2008 hearing.

### 2. **Petitioner's alleged injury is traceable to Respondents.**

Respondents contend that Petitioner's current custody is traceable only to the Governor's decision reversing the Board's setting of a release date for Petitioner. (*Mot. Dismiss* [Doc. 4], at 5.) But Petitioner's incarceration can also be traced to the Board's September 25, 2008 hearing, wherein Petitioner was denied parole. In short, if the Board had found Petitioner suitable for parole, arguably he would not be incarcerated. Thus, Petitioner's current custody is traceable to the September 25, 2008 hearing.

### 3. **Petitioner's alleged injury is likely to be redressed.**

Respondents suggest that if Petitioner succeeded on his Petition, at most he would be entitled to a new parole hearing comporting with due process. (*Mot. Dismiss*,

at 4.) Respondents contend, however, that with respect to the 2007 Petition, he has already received a release date, and thus has "received more than the relief he is entitled to in the instant matter." (*Id.*)

Respondent's argument requires the Court to assume that Petitioner will be released as a result of the 2007 Petition. But that court-ordered release is on appeal. If the district court's order is affirmed, Petitioner will be released; if reversed, however, Petitioner will remain in custody, and the current Petition is likely to redress Petitioner's injury. In short, at present, the Petition is not moot.

### C.    Petitioner's Claim is not Moot Because it falls Within the "Capable of Repetition, yet Evading Review" Exception to the Mootness Doctrine.

The "capable of repetition, yet evading review" exception to the mootness doctrine is applicable "where two elements combin[e]: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam); see also Davis v. Federal Election Comm'n, 551 U.S. -- , 128 S. Ct. 2759, 2769 (2008) (quoting Spencer, 523 U.S. at 17 (internal quotations omitted)). The assertion that a subsequent parole necessarily moots a previous hearing "assumes that all of the subsequent hearings were conducted in accordance with federal law." Sass v. California Bd. Of Prison Terms, 376 F. Supp. 2d 975, 979 (E.D. Cal. 2005) (citing Spencer, 523 U.S. at 17-18).

If a series of unconstitutional parole hearings could moot earlier ones, a petitioner's efforts to cure constitutional violations would be thwarted. See id.; accord Irons v. Sisto, 2007 U.S. Dist. LEXIS 95310, at **7-8 (E.D. Cal. Dec. 17, 2007). In light of the foregoing, the Report correctly found that the exception to mootness applies.

### D. Report's Recommendation to Dismiss Certain Respondents is Granted.

Neither party objects to the Report's recommendation that Respondents M. Hoshino, M. Cate, B. Curry, and Edmund G. Brown, Jr. be dismissed because they are not proper parties to the petition. (*Report,* at 3 (citing Stanley v. Cal. Sup. Ct., 21 F.3d 359,360 (9th Cir. 1994)).) Respondent Neotti is the warden of the correctional facility where Petitioner is currently housed and is therefore the only proper Respondent to the Petition. Stanley, 21 F.3d at 360. Accordingly, Respondents M. Hoshino, M. Cate, B. Curry, and Edmund G. Brown, Jr. are dismissed.

### E. Petitioner's Alternative Request for Stay is not Necessary Because the Motion to Dismiss has not Been Granted.

Petitioner requested that in lieu of dismissing the Petition, the Court grant a stay to allow the parties to proceed through the Ninth Circuit appeal process. (*Opp'n.* [Doc. 5], at 8-9.) In light of the fact that the Court denies granting the motion to dismiss, Petitioner's request for a stay is denied.

## IV. CONCLUSION AND ORDER[2]

In light of the foregoing, the Court **ADOPTS** the Report [Doc. 8], **DENIES** Respondents' motion [Doc. 4] and **DENIES** Petitioner's request for a stay [Doc. 5].

//
//
//

---

[2] Respondents raise, for the first time in their Objection, that dismissal is supported by the principals of comity and federalism. The court is unimpressed with the argument for at least two reasons. First, this argument was not raised in the motion to dismiss and, therefore, neither the Petitioner nor Magistrate had an opportunity to address the argument. Second, Respondents devote a single sentence to the argument, and thus utterly fail to explain how these principals support dismissal of the case.

1 | In addition, the Court **DISMISSES** Respondents M. Hoshino, M. Cate, B. Curry, and Edmund G. Brown, Jr.

**IT IS SO ORDERED.**

DATED: September 15, 2010

_____
Hon. Thomas J. Whelan
United States District Judge