1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  PAUL ALBERT GUARDADO,           )  Case No. 09cv02913 W(RBB)
                                    )
12              Petitioner,         )  **REPORT AND RECOMMENDATION**
                                    )  **DENYING PETITION FOR WRIT OF**
13  v.                              )  **HABEAS CORPUS**
                                    )
14  GEORGE A. NEOTTI,               )
                                    )
15              Respondent.         )
    _____)

16

17      Petitioner Paul Albert Guardado, a state prisoner proceeding

18  pro se, filed a Petition for Writ of Habeas Corpus on December 28,

19  2009, pursuant to 28 U.S.C. § 2254 [ECF No. 1].[1]  Guardado contends

20  that relief is warranted because the California Board of Parole

21  Hearings found him unsuitable for parole at a parole consideration

22  hearing on September 25, 2008, in violation of his constitutional

23  rights.  (Pet. 1, 7, 9, 11, ECF No. 1.)  Guardado asserts that his

24  due process rights under the Fourteenth Amendment were violated

25  because the Parole Board (1) relied on Petitioner's commitment

26  offense as a basis for denying parole, (2) denied parole without

27  _____

28      [1]  Because Guardado's Petition and Traverse are not
    consecutively paginated, the Court will cite to them using the page
    numbers assigned by the Court's electronic case filing system.

                              1                    09cv02913 W(RBB)

1  supporting its reasons with "some evidence," (3) failed to

2  establish a rational nexus between the factors it considered and

3  its determination of Guardado's current dangerousness, and (4)

4  based its decision on an offense the Petitioner committed as a

5  minor.  (Id.)

6      On February 23, 2010, M. Hoshino, a prior respondent, filed a

7  Motion to Dismiss the Petition for Writ of Habeas Corpus;

8  Supporting Memorandum of Points and Authorities [ECF No. 4].  The

9  Motion was accompanied by a Notice of Lodgment [ECF No. 4].[2]

10 Petitioner filed an Opposition to Motion to Dismiss the Petition

11 for Writ of Habeas Corpus, Supporting Memorandum of Points and

12 Authorities, Petitioner's Alternative Request for Stay, and

13 supporting exhibits on March 18, 2010 [ECF No. 5].  On April 26,

14 2010, the Court issued its Report and Recommendation, recommending

15 Respondent's Motion to Dismiss Petition for Habeas Corpus be denied

16 and Petitioner's Alternative Request for Stay be denied [ECF No.

17 8], which was adopted by the district judge on September 15, 2010.

18 (Order Adopting Report & Recommendation 2, ECF No. 12.)

19      On December 6, 2010, Respondent filed an Answer to the

20 Petition for Writ of Habeas Corpus and a Supplemental Notice of

21 Lodgment asserting that Guardado is not entitled to relief.

22 (Answer 2-3, ECF No. 15.)  As an initial matter, Neotti argues that

23 the Petition is moot because the United States District Court for

24 the Northern District of California granted a previous habeas

25

26  ───────────────

27  [2]  The Petition for Writ of Habeas Corpus named M. Hoshino, M.
    Cate, B. Curry, G. Neotti, and Edmund C. Brown Jr. as Respondents.
    (Pet. 1, ECF No. 1.)  On September 15, 2010, the Court sua sponte

28  dismissed M. Hoshino, M. Cate, B. Curry, and Edmund F. Brown, Jr.
    (Order 9, ECF No. 12.)  The Court therefore only addresses the
    remaining Respondent, George A. Neotti.  (See id.)

petition from Guardado and ordered the Parole Board to set a
release date for him.  (Id. at 2.)

Respondent Hoshino previously made the same mootness argument.
(See Mot. Dismiss 4-6, ECF No. 4.)  This Court rejected the
argument, and Judge Whelan agreed.  (See Report & Recommendation
Den. Resp't's Mot. Dismiss 7-16, ECF No. 8; Order Adopting Report &
Recommendation 5, ECF No. 12 ("Petitioner's Claim is not Moot
Because he is incarcerated.")).  At this time, Guardado remains in
custody.  See Cal. Dep't of Corr. & Rehabilitation Inmate Locator,
http://inmatelocator.cdcr.ca.gov/search.aspx (last visited Oct. 24,
2011).

Next, Respondent maintains that Guardado does not have a
federal liberty interest in parole, but even if he did, an
opportunity to be heard and a statement of reasons for the Board's
decision satisfies due process.  (Answer 2, ECF No. 15.)

Additionally, Respondent contends that the state courts did
not contradict or unreasonably apply Supreme Court holdings in the
parole context.  (Id. at 4-5.)  Neotti argues that the state court
decisions were not objectively unreasonable because the superior
court found that all of the factors taken together provided a
modicum of evidence to support the Parole Board's conclusion.  (Id.
at 5-8.)  Also, he asserts that because the state court was not
required to determine disputed issues of fact, this Court cannot
find that the state court's decision was based on an unreasonable
determination of the facts in light of the evidence.  (Id. at 8-9
(citing 28 U.S.C. § 2254(d)(2)).)  Finally, Neotti maintains that,
as a remedy, Guardado is only entitled to an order remanding the

09cv02913 W(RBB)

1  matter to the Board to proceed in accordance with due process.

2  (Id. at 9.)

3      The Petitioner filed a Traverse to the Petition for Writ of

4  Habeas Corpus, with exhibits, on December 28, 2010 [ECF No. 18].

5  On June 30, 2011, Guardado requested leave to file a supplemental

6  brief, which the Court granted [ECF Nos. 23, 24].  Petitioner's

7  Supplemental Brief Re: Swarthout v. Cooke was filed nunc pro tunc

8  to August 2, 2011 [ECF No. 27].  Although the Court also permitted

9  Respondent to file a response to Guardado's Supplemental Brief, to

10  date, Neotti has not filed one.

11      The Court has reviewed the Petition, Respondent's Answer and

12  supplemental lodgments, Petitioner's Traverse and exhibits, and

13  Guardado's Supplemental Brief.  For the reasons discussed below,

14  the Court recommends that Guardado's Petition be **DENIED**.

15                          **I.   FACTUAL BACKGROUND**

16      After the reversal of his 1989 conviction for being involved

17  in a shooting death in 1979, Guardado was retried and convicted of

18  second degree murder in 1995.  (Lodgment No. 3, In re Guardado, M-

19  12340XA, slip op. at 1 (Cal. Super. Ct. 2009).)  Petitioner was

20  sentenced to fifteen years to life.  (Pet. 1-2, ECF No. 1.)

21  According to Guardado, he was first eligible for parole on July 3,

22  2000.  (Id. at 2.)  He had his seventh parole hearing on September

23  25, 2008, which he attended with his attorney.  (Lodgment No. 13,

24  Exhibit A, In re Life Term Parole Consideration Hr'g of Paul

25  Guardado, CDC No. E-36459, Hr'g Tr. 3 (Sept. 25, 2008) (exhibits to

26  Orange County Superior Court habeas petition).)  The hearing began

27  with an introduction of the participants and an overview of the

28  proceedings.  (Id. at 3-17.)  Members of the Parole Board discussed

case factors, pre-commitment factors, post-commitment factors, and Petitioner's parole plans.  The board members asked Guardado questions, to which he responded, and the Petitioner made a closing statement.  (See id. at 112-15.)  His attorney spoke on Guardado's behalf several times during the hearing.  (See id. at 9-10, 19-20.)

At the conclusion of the hearing, the Parole Board found that Petitioner was unsuitable for parole.  (Id. at 116.)  The Board indicated that the nature of the commitment offense weighed heavily on this decision.  (See id. at 116-24.)  The presiding commissioner described Guardado's crime as "particularly gruesome and cruel," and one that was "carried out dispassionately" and without any motive.  (Id. at 117.)  Additional reasons noted for denying Petitioner parole included his nonsevere criminal history, his minor institutional behavioral issues, his failure to include plans to attend Alcoholics Anonymous upon parole, and his need to develop more insight into the offense.  (Id. 118-24.)

In ground one of his Petition, Guardado urges that the Parole Board's continued reliance on the thirty-year-old commitment offense is insufficient to show that he would pose an unreasonable risk of danger or be a threat to public safety if released from prison.  (Pet. 7, ECF No. 1.)  According to Guardado, the Board failed to show a "nexus" between the decades-old offense and the Petitioner's current status.  (Id.)  These failures, he claims, violated his Fourteenth Amendment due process protections.  (Id.)

Next, in ground two, Petitioner argues that the Parole Board's comments that Guardado's criminal record "did not weigh heavily" in its decision and that it was concerned about a twelve-step program failed to show that Guardado posed an unreasonable risk if paroled.

(<u>Id.</u> at 9.)  Petitioner asserts that these statements do not amount to "some evidence under the law that contained an indicia of reliability[,]" or "establish a rational nexus between those factors and the . . . determination of current dangerousness." (<u>Id.</u> (internal quotations omitted).)  Guardado claims that without "some evidence" or a "rational nexus," the Parole Board's determination violated his due process rights.  (<u>Id.</u>)

Finally, in ground three, Petitioner maintains that the continued denial of parole based on an offense he committed as a minor is also a violation of his due process rights.  (<u>Id.</u> at 11.) He argues that the repeated denials effectively "turn Petitioner[']s parolable offense into a life [sentence] without the possibility of parole," in violation of California law.  (<u>Id.</u>)

## II.   PROCEDURAL BACKGROUND

On February 2, 2009, Guardado filed a petition for writ of habeas corpus in the Orange County Superior Court contesting the Parole Board's September 25, 2008 decision to deny him parole. (Lodgment No. 7, <u>Guardado v. Hoshino</u>, [No. M-12340] (Cal. Super. Ct. [filed Feb. 2, 2009]) (petition for writ of habeas corpus at 2).)  The superior court denied his collateral challenge on February 25, 2009.  (Lodgment No. 3, <u>In re Guardado</u>, No. M-12340, slip op. at 1, 3.)

The Petitioner then filed a habeas petition in the California Court of Appeal, Fourth Appellate District.  (Lodgment No. 8, <u>Guardado v. Hoshino</u>, [No. G041903] (Cal. Ct. App. [filed Apr. 14, 2009]) (petition for writ of habeas corpus).)  The appellate court denied the petition as moot on July 16, 2009.  (Lodgment No. 10, <u>In re Guardado</u>, No. G041903, slip op. at 1 (Cal. Ct. App. July 16,

2009).)  Guardado filed his petition for review with the California

Supreme Court on August 12, 2009.  (Lodgment No. 12, <u>Guardado v.</u>

<u>Hoshino</u>, No. S175180, (Cal. filed August 12, 2009) (petition for

review).)  The California Supreme Court summarily denied the

petition on October 22, 2009.  (<u>See</u> Lodgment No. 11, California

Appellate Courts, Case Information, http://appellatecases.court

info.ca.gov/ (visited Feb. 17, 2010)).)

On December 28, 2009, Guardado filed this federal Petition

challenging the Board's September 25, 2008 finding of unsuitability

for parole.  (Pet. 1, ECF No. 1.)

### III.   STANDARD OF REVIEW

Guardado's Petition is subject to the Antiterrorism and

Effective Death Penalty Act (AEDPA) of 1996 because it was filed

after April 24, 1996.  28 U.S.C.A. § 2244 (West 2006); <u>Woodford v.</u>

<u>Garceau</u>, 538 U.S. 202, 204 (2003) (citing <u>Lindh v. Murphy</u>, 521 U.S.

320, 326 (1997)).  AEDPA sets forth the scope of review for federal

habeas corpus claims:

> The Supreme Court, a justice thereof, a circuit
> judge, or a district court shall entertain an application
> for a writ of habeas corpus in behalf of a person in
> custody pursuant to the judgment of a State court only on
> the ground that he is in custody in violation of the
> Constitution or laws of the United States.

28 U.S.C.A. § 2254(a) (West 2006); <u>see also</u> <u>Reed v. Farley</u>, 512

U.S. 339, 347 (1994); <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th

Cir. 1991).

To present a cognizable federal habeas corpus claim, a state

prisoner must allege his conviction was obtained in violation of

the Constitution or laws of the United States.  28 U.S.C.A §

2254(a).  In other words, a petitioner must allege the state court

7

violated his federal constitutional rights.   <u>Hernandez</u>, 930 F.2d at 719; <u>Jackson v. Ylst</u>, 921 F.2d 882, 885 (9th Cir. 1990); <u>Mannhald v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988).   Petitions challenging a parole board's decision also fall under the umbrella of habeas review.   See <u>Swarthout v. Cooke</u>, 562 U.S. __, __, 131 S. Ct. 859, 860 (2011) (per curiam).

A federal district court does "not sit as a 'super' state supreme court" with general supervisory authority over the proper application of state law.   <u>Smith v. McCotter</u>, 786 F.2d 697, 700 (5th Cir. 1986); <u>see also</u> <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990) (holding that federal habeas courts must respect state court's application of state law); <u>Jackson</u>, 921 F.2d at 885 (concluding federal courts have no authority to review a state's application of its law).   Federal courts may grant habeas relief only to correct errors of federal constitutional magnitude. <u>Oxborrow v. Eikenberry</u>, 877 F.2d 1395, 1399 (9th Cir. 1989) (stating that federal courts are not concerned with errors of state law unless they rise to the level of a constitutional violation).

In 1996, Congress "worked substantial changes to the law of habeas corpus." <u>Moore v. Calderon</u>, 108 F.3d 261, 263 (9th Cir. 1997).   Amended section 2254(d) now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of

the evidence presented in the state court proceeding.

28 U.S.C.A § 2254(d).

The Supreme Court, in <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003), stated that "AEDPA does not require a federal habeas court to adopt any one methodology in deciding the only question that matters under section 2254(d)(1) -- whether a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law." <u>Id.</u> at 71 (citation omitted). A federal court is therefore not required to review the state court decision de novo, but may proceed directly to the reasonableness analysis under § 2254(d)(1). <u>Id.</u>

The "novelty" in § 2254(d)(1) is "the reference to 'Federal law, as determined by the Supreme Court of the United States.'" <u>Lindh v. Murphy</u>, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), <u>rev'd on other grounds</u>, 521 U.S. 320 (1997) (emphasis in original deleted). Section 2254(d)(1) "explicitly identifies only the Supreme Court as the font of 'clearly established' rules." (<u>Id.</u>) "[A] state court decision may not be overturned on habeas corpus review, for example, because of a conflict with Ninth Circuit-based law." <u>Moore</u>, 108 F.3d at 264. "[A] writ may issue only when the state court decision is 'contrary to, or involved an unreasonable application of,' an authoritative decision of the Supreme Court." <u>Id.</u> (citing <u>Childress v. Johnson</u>, 103 F.3d 1221, 1224-26 (5th Cir. 1997); <u>Devin v. DeTella</u>, 101 F.3d 1206, 1208 (7th Cir. 1996); <u>see Baylor v. Estelle</u>, 94 F.3d 1321, 1325 (9th Cir. 1996)).

Furthermore, with respect to the factual findings of the trial court, AEDPA provides:

9

1        In a proceeding instituted by an application for a
2   writ of habeas corpus by a person in custody pursuant to
    the judgement of a State court, a determination of a
3   factual issue made by a State court shall be presumed to
    be correct.  The applicant shall have the burden of
4   rebutting the presumption of correctness by clear and
    convincing evidence.

5   28 U.S.C.A. § 2254(e)(1).

6                        **IV.   DISCUSSION**

7        Petitioner alleges that his right to due process under the

8   Fourteenth Amendment was violated because the Parole Board did not

9   have "some evidence" to deny him parole, and the Board's reliance

10  on the offense Guardado committed as a minor effectively alters his

11  sentence into a life sentence without parole.  (Pet. 7, 9, 11, ECF

12  No. 1.)

13  **A.    Due Process in the Parole Context**

14       At the time Guardado filed his Petition, Ninth Circuit law

15  allowed federal courts to grant habeas relief when they concluded

16  that the state courts had misapplied California's "some evidence"

17  standard.  See Hayward v. Marshall, 603 F.3d 546, 562-63 (9th Cir.

18  2010) (en banc).  When reviewing a due process challenge to the

19  denial of parole in California, district courts were to determine

20  "whether the California judicial decision approving [a parole

21  board's] decision rejecting parole was an 'unreasonable

22  application' of the California 'some evidence' requirement, or was

23  'based on an unreasonable determination of the facts in light of

24  the evidence.'"  Id. (footnotes omitted).  The Ninth Circuit

25  explained, "By holding that a federal habeas court may review the

26  reasonableness of the state court's application of the California

27  'some evidence' rule, Hayward necessarily held that compliance with

28  the state requirement is mandated by federal law, specifically the

                              10

Due Process Clause." <u>Pearson v. Muntz</u>, 606 F.3d 606, 609 (9th Cir. 2010).  Relying on these cases, Guardado asks this Court to find that his due process rights were violated because the state courts misapplied California's "some evidence" standard.  (<u>See</u> Pet. 7, 9, ECF No. 1.)

On January 21, 2011, after the merits of Guardado's Petition were briefed, the Supreme Court decided <u>Swarthout v. Cooke</u>, and rejected the Ninth Circuit's framework for analyzing due process challenges to parole denials.  <u>Swarthout v. Cooke</u>, 562 U.S. at __, 131 S. Ct. at 861-63; <u>see</u> <u>Roberts v. Hartley</u>, 640 F.3d 1042, 1045 (9th Cir. 2011) (acknowledging the Supreme Court's recent rejection of Ninth Circuit due process analysis in the parole context).  In <u>Swarthout</u>, the Court reaffirmed that federal habeas relief is unavailable for errors of state law and that due process does not require the correct application of California's "some evidence" standard.  <u>Swarthout</u>, 562 U.S. at __, 131 S. Ct. at 861.  Instead, whether petitioners received adequate procedural protections under the standard described by the Supreme Court in <u>Greenholtz v. Inmates of Neb. Penal & Corr. Complex</u>, 442 U.S. 1, 12 (1979), is "the beginning and the end" of the due process analysis in the parole context.  <u>Id.</u> at 862.

In <u>Greenholtz</u>, the Court determined that if the parole procedure affords the inmate an opportunity to be heard and informs the inmate of the reasons for denial, the procedure meets constitutional requirements.  <u>Greenholtz</u>, 442 U.S. at 16.

**I.   Application to Guardado's Claims**

In response to <u>Swarthout</u>, Petitioner filed a supplemental brief addressing the effect of the ruling on this Petition.  (<u>See</u>

11

1   Pet'r's Supplemental Br. 1, ECF No. 27.)   Although Guardado

2   acknowledges that the Supreme Court recently "determined that the

3   review by federal courts to determine whether a due process

4   violation had occurred [from a parole denial] was limited to"

5   whether there were adequate procedural protections, he nevertheless

6   maintains that the ruling does not preclude his claims.   (Id. at 1-

7   2.)

8        To support the proposition that Swarthout does not apply here,

9   Guardado first asserts that California state courts have held that

10  the judicial review limited to procedural safeguards described in

11  Greenholtz does not satisfy due process.   (Id.)   Petitioner argues

12  that a California appellate court has held that the Greenholtz

13  standard is inadequate because it affords nothing more than "pro

14  forma consideration."   (Id. (quoting In re Morrall, 102 Cal. App.

15  4th 280, 296, 125 Cal. Rptr. 2d 391, 405 (2002)).)   Guardado

16  reasons that because the California Supreme Court has not issued an

17  opinion on the adequacy of a Greenholtz standard, In re Morrall

18  should be controlling.   (Id. at 3-4 (citing Ryman v. Sears, Roebuck

19  & Co., 505 F.3d 993, 994 (9th Cir. 2007).)

20       While it is true that Ryman states that federal courts must

21  follow a state intermediate appellate court decision in the absence

22  of a controlling state high court opinion, that rule only applies

23  when a federal court is required to apply state law.   Ryman, 505

24  F.3d at 994.   Here, the Court is not asked to apply state law.

25  Petitioner is seeking habeas relief from a federal constitutional

26  violation.   Lower federal courts are bound to adhere to the

27  controlling decisions of the United States Supreme Court.   Hutto v.

28  Davis, 454 U.S. 370, 375 (1982) ("[A] precedent of [the Supreme]

12

1  Court must be followed by the lower federal courts[.]").  Thus, <u>In</u>
2  <u>re Morrall</u> does not apply.

3      Petitioner also argues that <u>Swarthout</u> is inapplicable because
4  <u>Greenholtz</u> protections are inadequate for California's parole laws.
5  (<u>See</u> Pet'r's Supplemental Br. 5-6, ECF No. 27.)  According to
6  Guardado, the Court in <u>Greenholtz</u> was "denied the benefit of the
7  Nebraska courts' interpretation of [Nebraska's] parole laws,"
8  whereas the Court in <u>Swarthout</u> had the benefit of California
9  courts' interpretations of the "application/standards of
10  California's parole laws."  (<u>Id.</u> at 6 (internal quotations
11  omitted).)  Petitioner contends, "California courts have 'equat[ed]
12  California's parole system with good time credits' sufficient
13  enough to 'convert [] California's "some evidence" rule into a
14  substantive federal requirement' to apply the 'some evidence'
15  standard announced in <u>Hill</u> to protect Petitioner's right to due
16  process of law."  (<u>Id.</u> at 10 (alterations in original)(footnote
17  omitted).)

18      The Supreme Court squarely rejected the argument that the
19  greater protections afforded to the revocation of good-time credits
20  should apply to denials of parole and stated, "The question of
21  which due process requirements apply is one of federal law, not
22  California law . . . ."  <u>Swarthout</u>, 562 U.S. at __, 131 S. Ct. at
23  862 n.*.  This also disposes of Guardado's argument that this Court
24  must "ensure the California standards for parole have been met when
25  reviewing the interest in receiving parole."  (Pet'r's Supplemental
26  Br. 10, ECF No. 27.)  Again, due process requirements are
27  determined by federal law, not state law.  <u>Swarthout</u>, 562 U.S. at
28  __, 131 S. Ct. at 862 n.*.

1    Lastly, Petitioner argues that his claim that continued denial
2    of parole based on an offense he committed as a minor effectively
3    gives him a sentence of life without parole should not be reviewed
4    under Greenholtz or Swarthout.  (Pet'r's Supplemental Br. 12, ECF
5    No. 27.)  Guardado seeks independent review of that claim because
6    the state courts failed to address the claim fully or provide
7    reasoned analysis.  (Id. at 13 (citing Pirtle v. Morgan, 313 F.3d
8    1160, 1167 (9th Cir. 2002).)  He maintains that the procedures to
9    protect his substantial right not to be subjected to life
10   imprisonment are not constitutionally sufficient because the Parole
11   Board and the State are only empowered to hold suitability
12   determinations.  (Id. at 14.)

13   These arguments are without merit.  First, Guardado remains
14   eligible for parole, so he cannot be subject to life imprisonment
15   without possibility of parole.  (See Lodgment No. 13, Exhibit A, In
16   re Life Term Parole Consideration Hr'g of Paul Guardado, CDC No. E-
17   36459, Hr'g Tr. 124 (denying parole for only one year.)  Second,
18   Petitioner does not adequately explain how the state's alleged
19   violation of its laws rises to a constitutional violation.  See
20   Jackson, 921 F.2d at 885 (concluding federal courts have no
21   authority to review a state's application of its law).  Next,
22   although Guardado asserts that the state courts did not provide a
23   reasoned analysis of his claim, the superior court order denying
24   habeas corpus relief refutes Petitioner's assertion.  (See Lodgment
25   No. 3, In re Guardado, M-12340XA, slip op. at 1-3.)  Consequently,
26   deferential review of the state court decisions is appropriate.
27   See Pirtle, 313 F.3d at 1167.

28

Finally, Petitioner has failed to show that <u>Swarthout</u> does not apply to his Petition.  Case law makes clear that the ruling applies to habeas petitions challenging a denial of parole, so this Court will follow the analysis outlined in <u>Swarthout</u>.  See <u>Pearson</u>, 639 F.3d at 1191; <u>Miller v. Oregon Bd. of Parole & Post-Prison Supervision</u>, 642 F.3d 711, 716-17 (9th Cir. 2011); <u>Styre v. Adams</u>, 645 F.3d 1106, 1108 (9th Cir. 2011); <u>Gomez v. Small</u>, No. 09-cv-1972W(JMA) 2011 U.S. Dist. LEXIS 90093, at *6-7 (S.D. Cal. Aug 12, 2011); <u>Osborne v. Uribe</u>, No. 11 cv 786-MMA(BLM) 2011 U.S. Dist. LEXIS 122834, at *7 (S.D. Cal. Aug 29, 2011); <u>Jenson v. Cate</u>, No. 10-cv-0992-H(WMC) 2011 U.S. Dist. LEXIS 118097, at *8-9 (S.D. Cal. Oct 11, 2011).

**ii. Analysis**

California's parole statute provides that the Board of Prison Terms "shall set a release date unless it determines that . . . consideration of the public safety requires a more lengthy period of incarceration . . . ."  Cal. Penal Code § 3041(b) (West Supp. 2010).  If the Board denies parole, the prisoner can seek judicial review in a state habeas petition.  <u>Swarthout</u>, 562 U.S. at ___, 131 S. Ct. at 860.  The California Supreme Court has explained that "the standard of review properly is characterized as whether 'some evidence' supports the conclusion that the inmate is unsuitable for parole because he or she currently is dangerous."  <u>In re Lawrence</u>, 44 Cal. 4th 1181, 1191, 82 Cal. Rptr. 3d 169, 173, 190 P.3d 535, 539 (2008).

The Due Process Clause requires fair procedures for the deprivation of a liberty interest, and federal courts will review the application of those procedures.  <u>Swarthout</u>, 562 U.S. at ___,

09cv02913 W(RBB)

131 S. Ct. at 862.  Where, as here, a prisoner challenges a denial of parole on due process grounds, the "standard analysis under that provision proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient."  Id. at 861.

The first step of the due process analysis is satisfied.  The Ninth Circuit has concluded, and the Supreme Court has accepted, that California law creates a liberty interest in parole that is protected by the Fourteenth Amendment Due Process Clause.  See id. at 861–62.

Second, in the context of parole, the constitutionally-required procedures are minimal.  Id.  Due process is satisfied as long as the state provides an inmate seeking parole with "an opportunity to be heard and . . . a statement of the reasons why parole was denied."  (Id. at 862 (citing Greenholtz, 442 U.S. at 12).

Here, Guardado had an opportunity to be heard, and he received an explanation from the Board for its denial.  At the September 25, 2008 hearing, Guardado answered questions from the Parole Board before giving a closing statement.  He discussed his criminal history, family, prior employment, drinking habits, education, and institutional write-ups, among others.  (See Lodgment No. 13, Exhibit A, In re Life Term Parole Consideration Hr'g of Paul Guardado, CDC No. E-36459, Hr'g Tr. 24-47).  Guardado was also given the opportunity to make the final statements before the Board convened for deliberations.  (Id. at 112-15.)  The Board concluded the hearing by discussing the reasons for its denial, which

1   included the gravity of the commitment offense, "some concerns"

2   about the psychological evaluations, lack of remorse and insight,

3   and concerns about Petitioner's parole plans.  (Id. at 116-24.)

4        Guardado does not allege that the procedures used by the state

5   in determining his parole eligibility were constitutionally

6   deficient.  Instead, he argues that the failure to correctly follow

7   state laws constituted a violation of his federal due process

8   rights.  (See Pet. 7, 9, 11, ECF No. 1.)  Federal habeas relief is

9   not available to retry a state issue that does not rise to the

10  level of a federal constitutional violation.  Swarthout, 562 U.S.

11  at ___, 131 S. Ct. at 861 ("We have stated many times that 'federal

12  habeas relief does not lie for errors of state law.'"); Wilson v.

13  Corcoran, 562 U.S. ___, ___, 131 S. Ct. 13, 16 (2010); Estelle v.

14  McGuire, 502 U.S. 62, 67-68 (1991); Souch v. Schiavo, 289 F.3d 616,

15  623 (9th Cir. 2002).

16       Accordingly, the state court's denial of Petitioner's claim

17  was neither contrary to, nor an unreasonable application of,

18  clearly established federal law.  See 28 U.S.C. § 2254; Williams v.

19  Taylor, 529 U.S. 362, 403 (2000).  Guardado's claims should be

20  **DENIED**.

21  **B.   Motion for Reconsideration**

22       Petitioner states that if the Court determines that further

23  due process analysis is warranted, he asks the Court to reconsider

24  Petitioner's Motion for Appointment of Counsel [ECF No. 11] and

25  Application for In Forma Pauperis Status [ECF No. 20].  (Pet'r's

26  Supplemental Br. 12 n.9.)  In an application for reconsideration, a

27  party seeking the same relief as that previously denied must set

28  forth "(1) when and to what judge the [prior] application was made,

1  (2) what ruling or decision or order was made thereon, and (3) what

2  new or different facts and circumstances are claimed to exist which

3  did not exist, or were not shown, upon such prior application."

4  S.D. Cal. Civ. R. 7.1(i)(1).  Further, any motion for

5  reconsideration must be filed within twenty-eight days after the

6  prior order was entered.  Id. at 7.1(i)(2).

7      Here, Guardado does not comply with the requirements of Civil

8  Local Rule 7.1(i), and any request for reconsideration is **DENIED** on

9  that basis.

10                    **V.   CONCLUSION**

11      "Because the only federal right at issue is procedural, the

12  relevant inquiry is what process [Guardado] received, not whether

13  the state court decided the case correctly."  Swarthout, 562 U.S.

14  at __, 131 S. Ct. at 863.  Because Petitioner cannot show that he

15  was deprived of the minimal procedural protections described in

16  Greenholtz at his September 25, 2008 parole hearing, the Court

17  recommends that the Petition be **DENIED.**

18      This Report and Recommendation will be submitted to the United

19  States District Court judge assigned to this case, pursuant to the

20  provisions of 28 U.S.C. § 636(b)(1).  Any party may file written

21  objections with the Court and serve a copy on all parties on or

22  before December 2, 2011.  The document should be captioned

23  "Objections to Report and Recommendation."  Any reply to the

24  objections shall be served and filed on or before December 16,

25  2011.

26  //

27  //

28  //

1    The parties are advised that failure to file objections within

2    the specified time may waive the right to appeal the district

3    court's order.   <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir.

4    1991).

5

6    Dated: November 4, 2011

RUBEN B. BROOKS

7    United States Magistrate Judge

8    cc:  Judge Whelan
     All parties of record

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28