UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ALBERT GUARDADO,<br><br>       Petitioner,<br><br> v.<br><br>GEORGE A. NEOTTI,<br><br>       Respondent. | CASE NO: 09-CV-02913 W (RBB)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

  Petitioner Paul Albert Guardado ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "Petition"), challenging the Board of Parole Hearings' September 25, 2008 decision denying him parole. On November 11, 2011, United States Magistrate Judge Ruben B. Brooks issued a Report and Recommendation ("Report"), recommending that this Court deny the Petition. Thereafter, on December 6, 2011, Petitioner filed timely objections to the Report.

  The Court decides the matters on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). As explained more fully below, the Court **ADOPTS** the Report (Doc. 28), **DISMISSES** the Petition (Doc. 1) **WITH PREJUDICE**, and **DENIES** a certificate of appealability.

## I. PROCEDURAL BACKGROUND

The following factual background is taken from the Report, to which no objections were made. After the reversal of his 1989 conviction for being involved in a shooting death in 1979, Petitioner Guardado was retried and convicted of second degree murder in 1995. (*Lodgment No. 3*, In re Guardado, M-12340XA, slip op. at 1 (Cal. Super. Ct. 2009).) Guardado was sentenced to fifteen years to life. (*Pet.* [Doc. 1] 1-2.) According to Guardado, he first became eligible for parole on July 3, 2000. (*Id.* at 2.) He had his seventh parole hearing on Septeber 25, 2008, which he attended with his attorney. (*Lodgment No. 13*, Exhibit A, In re Life Term Parole Consideration Hr'g of Paul Guardado, CDC No. E-36459, Hr'g Tr. 3 (Sept. 25, 2008) (exhibits to Orange County Superior Court habeas petition).) During the hearing, members of the Board of Parole Hearings (the "Board") discussed case factors and Petitioner's parole plans. The Board asked Guardado questions, to which he responded, and he was also allowed to make a closing statement. (*See id.* at 112-15.)

At the conclusion of the hearing, the Board found that Guardado was unsuitable for parole. (*Id.* at 116.) The Board indicated that the nature of the commitment offense weighed heavily on this decision, as well as Guardado's minor institutional behavioral issues, his failure to include plans to attend Alcoholics Anonymous upon parole, and his need to develop more insight into the offense. (*Id.* at 116-24.)

On December 28, 2009, Guardado filed this federal Petition challenging the Board's September 25, 2008 finding of unsuitability for parole. (*Pet.* 1.) Afterwards, the United States Supreme Court decided Swarthout v. Cooke, which dealt with federal habeas corpus relief for the denial of parole eligibility. On August 22, 2011, Guardado filed a supplemental brief addressing the application of Cooke to the instant matter.

On November 4, 2011, Magistrate Judge Brooks issued the Report recommending that the Court deny the Petition, and set the deadline for filing objections and replies. (*Report* [Doc. 28] 17-19.) On December 12, 2011, Guardado filed objections to the Report. (*Opp'n* [Doc. 32].) Respondent did not file a reply.

## II. DISCUSSION

### A. Legal Standard

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980). When no objections are filed, the district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. See Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974). Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo." Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

### B. Scope of Review

The Petition is governed by Title 28, United States Code, § 2254(a), as amended by the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Lindh v. Murphy, 521 U.S. 320 (1997). Section 2254(a) sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Under AEDPA, a state prisoner is not entitled to a writ of habeas corpus unless he establishes that the state court's adjudication of a federal claim was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding." 28 U.S.C. §§ 2254 (d)(1)-(2). Under section 2254(d)(1), a state court decision is "contrary to" Supreme Court authority if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court decision is an "unreasonable application of" Supreme Court authority if it identifies the correct governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Section 2254(d)(2) provides that a state court decision based on a factual determination will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state-court proceeding. See id. at 386.

### C. Analysis

Having read and considered the underlying Petition, the Report, and Petitioner's objections thereto, the Court finds that the Report presents a well-reasoned analysis of the issues. Accordingly, the Court will accept the Report's recommendations.

The Supreme Court's decision in Swarthout v. Cooke instructed that the only federal right at issue on a petitioner's due process claim regarding a parole determination is procedural, not substantive. Swarthout v. Cooke, — U.S. —, 131 S.Ct. 859, 862 (2011). Federal habeas corpus relief was not meant to correct errors of state law. Id. at 861. Thus, the Court provided a two-step due-process analysis, under which the court evaluates "whether there exists a liberty or property interest of which a person has

been deprived" and, if so, "whether the procedures followed by the State were constitutionally sufficient. . . ." Id.

With regard to the first step, Cooke did not disturb the Ninth Circuit's conclusion that California law creates a liberty interest in parole. Roberts v. Hartley, 640 F.3d 1042, 1045(9th Cir. 2011). However, the Court emphasized that parole is a state interest created by California law. Cooke, 131 S.Ct. at 862. Since federal law creates no duty for the states to provide parole to prisoners, the existence of this state liberty interest does not give rise to a federal right "to be conditionally released before the expiration of a valid sentence." Id., (citing Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) ).

The second step of the due process analysis, requires federal courts to evaluate whether the state courts provided "fair procedures" for the vindication of that interest. Cooke, 131 S. Ct. at 862. Under federal law, the procedural protections required by the Constitution for parole are "minimal." Id. Due process is satisfied so long as the state gives an inmate seeking parole "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Greenholtz, 442 U.S. at 16. In Cooke, the Supreme Court found that due process concerns were satisfied where petitioners were allowed to speak at their parole hearings, contest the evidence against them, access their records in advance, and were notified of the reasons parole was denied. Cooke, 131 S.Ct. at 862.

Here, Petitioner Guardado does not contest that he was denied the due process protections required by Greenholtz. The Board allowed Guardado to speak at his parole hearing, and also gave him the opportunity to make a final statement before the Board deliberated. (*See Lodgment No. 13*,Exhibit A, In re Life Term Parole Consideration Hr'g of Paul Guardado, CDC No. E-36459, Hr'g Tr. 24-47, 112-15.) The Board concluded the hearing by discussing the reasons for its denial. (*Id.* at 116-24). These procedures satisfy the minimum protections required by Greenholtz and Cooke.

Nevertheless, Guardado asserts that his due process rights were violated because the Board (1) continued to rely on Petitioner's commitment offense as a basis for denying parole, without establishing a rational nexus between the past offense and its determination of Petitioner's current dangerousness, (2) denied parole without supporting its reasons with "some evidence," and (3) has repeatedly denied petitioner's parole, effectively turning Petitioner's offense into a life sentence in violation of California Law. (*Pet.* 7.) However, the Supreme Court's decision in <u>Cooke</u> forecloses Guardado's arguments, because they challenge the application of the state's substantive law. <u>Roberts</u>, 640 F.3d at 1046 ("[T]here is no substantive due process right created by California's parole scheme."). Because it is uncontroverted that the state afforded Guardado the minimal procedural protections required by <u>Greenholtz</u> and <u>Cooke</u>, the Court must deny Guardado's request for federal habeas relief.

### III. CONCLUSION AND ORDER

In light of the foregoing, the Court **ADOPTS** the reasoning and findings in the Report [Doc. 28], and **DENIES** Guardado's Petition [Doc. 1]. The Court also **DENIES** a certificate of appealability [Doc. 30].

The Clerk of the Court shall close the district court case file.

**IT IS SO ORDERED.**

DATED: January 17, 2012

_____
Hon. Thomas J. Whelan
United States District Judge