1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

PAUL ALBERT GUARDADO,

                                    Petitioner,

            v.

GEORGE A. NEOTTI,

                                    Respondent.

CASE NO: 09-CV-2913 W (RBB)

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [DOC. 36]**

        Pending before the Court is Petitioner Paul Albert Guardado's motion for leave to proceed in forma forma pauperis ("IFP") on appeal.  For the following reasons, the Court will grant the motion.

        A party seeking to proceed IFP on appeal must file a motion in the district court.  See Fed R. App. P. 24(a)(1).  The determination of whether a plaintiff is indigent, and thus unable to pay the filing fee falls within the district court's discretion.  California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant

has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). To satisfy the requirements of IFP status, "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." Id. at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F.Supp. 848, 850 (D.R.I. 1984).

Having read and considered the papers submitted, the Court finds that Petitioner has demonstrated that he is unable to pay the fees or post securities required to pursue his appeal. According to his declaration, Petitioner receives approximately $25 a month income from his prison job. He receives no other income. And his CDCR Inmate Statement Report (Doc. 37) establishes that his account balance as of January 6, 2012 was $59.50. For these reasons, the Court **GRANTS** Plaintiff's motion to proceed IFP on appeal. (Doc. 36.)

   **IT IS SO ORDERED.**

DATED: February 29, 2012

_____
Hon. Thomas J. Whelan
United States District Judge